UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MAYES | CIVIL ACTION 11-2233 |
| VERSUS | U.S. DISTRICT JUDGE TRIMBLE |
| COMMISSIONER | U.S. MAGISTRATE JUDGE  KIRK |

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [**Doc. # 19**].  The government's position in this case was not substantially justified.

The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." §2412(d)(A)(ii).  Petitioner seeks an award of $189.87 per hour.

The $125.00 rate can  be exceeded if the court determines that a higher fee is justified by inflation.  However, "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995).  In other words, the court is not required to use the maximum inflation adjusted rate or even to award the statutory rate.  The rate to be applied is to be based upon prevailing market rates subject to a statutory cap; the cap is not the baseline.

Further, the rate should only be increased to the extent necessary to ensure an adequate source of representation. Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988).

In 2009, Magistrate Judge Hayes analyzed the cost of living increases since the $125 rate was established in Williams v. Astrue, docket number 07-2124 on the docket of the Monroe Division of this court and awarded $150 per hour. In her March 2012 Report and Recommendation in Hanson v. Astrue, docket number 10-1323 on the docket of this court, Judge Hayes updated the analysis since her opinion in Williams in 2009 and again recommended an award of $150 per hour, finding that an increase was not needed in order to ensure adequate representation in Social Security cases in the area.

I find in this case in the relevant legal community, a fee of $150.00 per hour is a reasonable attorney fee and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers. The award also serves to maintain consistency among the judges in this district.[1]

Further, this District has adopted $150 as presumptively reasonable in cases under the Act. See, for example, Clifton v. Astrue, 10-417, Wyatt v. Astrue, 10-0887, both on the docket of this Division of the WDLA.

Claimant's attorney has requested payment for a total of 26.2 hours legal work and requests an hourly rate of $189.87 for a total of $4,974.59. The government does not oppose an award, but objects to the hourly rate sought.

I will follow the district-wide adopted rate of $150. An award should be entered in the

---

[1] Although petitioner points out that the Magistrate Judge in the Lake Charles division of this district has recommended an award at a higher hourly rate, the government failed to file an opposition to the request in that case.

amount of $3,930 (26.2 hours x $150 per hour).

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the motion be GRANTED IN PART and that attorney's fees and costs in the amount of $3,930 be awarded and ordered paid to claimant's attorneys Peter J. Lemoine and Julie Atkins. The motion should otherwise be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 11th day of April, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE